**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SMITH & WESSON, Respondent.**

**No. 7459.**

United States Court of Appeals,
First Circuit.

April 21, 1970.

———◆———

Baruch A. Fellner, Washington, D. C., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Leonard M. Wagman, Washington, D. C., were on brief, for petitioner.

Martin E. Skoler, Springfield, Mass., with whom Glazier & Skoler, Spring-field, Mass., was on brief, for respondent.

Before ALDRICH, Chief Judge, COFFIN, Circuit Judge, and BOWNES, District Judge.

PER CURIAM.

This is a petition to enforce an NLRB order based on violations of section 8(a) (3) and (1) of the act, 29 U.S.C. § 158 (a) (3) and (1). The Board found that the company had engaged in certain threats of reprisals and other related anti-union conduct and that it subsequently discharged one William Dauplaise because of his union activity. The company's opposition in this court is based on the claim that the evidence did not warrant the findings.

■ For reasons not necessary to detail, the single contradicted incident of supervisor Haines' initially telling Dauplaise that he would be "sorry" if the union lost, does not greatly impress us. In addition, the trial examiner's finding it unlikely that leadman Parker would joke when he saw the word "Subpoena" on a paper seems, in all candor, unrealistic. Nor are we enthusiastic about holding the company for an isolated remark by an employee of so little authority as Parker. If not jocose, his statement not to pay attention to Board subpoenas seems self-generated, and unauthorized by any general company conduct or policy.

If this were all there were to the Board's case we would find it of dubious strength. However, this inclination evaporates when we come to the principal issue. The Board's finding with respect to Dauplaise's termination is so strongly supported that we cannot regard the company's resistance thereto as anything but frivolous. In spite of much protesting, there is not only no evidence that any previous employee had been terminated because he made his request for extended leave orally rather than in writing, but no solid reason appears for such rigidity. This is not even a case where

there was a question as to the oral request. On the contrary, all witnesses not only agree that it was made, but that the employee was told he could have his job back as soon as he had his doctor's certificate. Furthermore, on the company's own evidence, the rule was not self-operating, and might be waived. Finally, apart from anti-union animus, there was a strong reason why Dauplaise should be retained, rather than let go.

 This, of course, is the guts of the case. Some penalty should attach to taking up our time with such a meritless contention. The order will be enforced, and pursuant to FRAP 38 the Board will recover, in addition to its regular costs, the sum of $500 for expense.