**In re HARTFORD TEXTILE CORPORATION, Oxford Chemicals, Inc., Wellington Print Works, Inc., Debtors.**

**Thomas H. MAGID, as Executor of the Estate of Eugene A. Magid, Appellant,**

**v.**

**HARTFORD TEXTILE CORPORATION, Oxford Chemicals, Inc., Wellington Print Works, Inc., Appellees.**

**No. 80 Civ. 4632(MP).
Arrangement Nos. 73 B 674–676.**

United States District Court,
S. D. New York.

Nov. 13, 1980.

Thomas H. Magid pro se.

Weil, Gotshal & Manges, New York City, by Bruce R. Zirinsky, Brad Eric Scheler, New York City, for debtors and appellees.

OPINION

MILTON POLLACK, District Judge.

Appellant Magid, executor of the estate of Eugene A. Magid, appeals from: (1) an Order of Bankruptcy, Judge Babitt, dated November 14, 1979, denying appellant's motion for an order imposing sanctions on and revoking fees paid to Weil, Gotshal & Manges and Samuel Bushwick, Esq., attorneys for Hartford Textile Corporation,[1] and

---

1. Specifically, appellant requested an Order:

 (a) Imposing sanctions upon Weil, Gotshall [sic] and Manges and Samuel Bushwick, Esq.,

in an amount equal to the discharged percentage of all fees, commissions, and money or gifts in kind, earned by each in the bankruptcy ac-

(2) an Order of Judge Babitt, dated January 9, 1980, denying appellant's motion to rehear and reargue said previous motion.[2] For the reasons set forth below, the Bankruptcy Court's denial of the motion for lack of jurisdiction should be affirmed.

On July 3, 1973, Hartford Textile Corporation, Oxford Chemicals, Inc. and Wellington Print Works, Inc. ("Hartford Textile") filed separate petitions under Chapter XI of the Bankruptcy Act, which petitions were subsequently consolidated. The Debtors' consolidated Chapter XI plan was confirmed by order of the bankruptcy court dated September 5, 1974, pursuant to which order the debtors were granted a discharge in bankruptcy.

The Plan of Arrangement and Order of Discharge included a provision by which the bankruptcy court retained jurisdiction over fee applications for the post–confirmation period. *See* Section 368 of the Bankruptcy Act, 11 U.S.C. § 768. On September 24, 1974, Judge Babitt signed an Order fixing allowances of compensation and directing the distributor to make payment. On November 18, 1974, Judge Babitt signed an Order extending for fifteen days the time for filing objections to the allowance of claims filed pursuant to Section 355.

Five years later, on October 5, 1979, appellant Magid filed with the bankruptcy court the Motion for Sanctions, etc., and the Motion to Disqualify Attorneys. A hearing was held before Judge Babitt, who, finding a lack of jurisdiction, denied the motions by endorsed order, dated November 14, 1979. On November 27, 1979, a Motion for Rehearing was filed, which motion was denied on January 9, 1980. Appellant Magid filed a Notice of Appeal with the bankruptcy court on January 21, 1980, and with the district court on August 12, 1980.

Section 367 of the Bankruptcy Act, 11 U.S.C. § 767, provides that "[u]pon confirmation of an arrangement . . . except as otherwise provided in sections 369 and 370 of this title, the case shall be dismissed." The dismissal of the case results in a loss of certain jurisdiction on the part of the Bankruptcy Court. 9 Collier, Bankruptcy ¶ 9.28 at 363 (14th ed. 1978).

Section 369, 11 U.S.C. § 769, provides for the retention of jurisdiction to allow or disallow all claims "affected by the arrangement" which were filed but have not been allowed or disallowed prior to confirmation. Appellant fails to qualify under this section as his motion was not filed until five years after confirmation, and he fails to satisfy either of the exceptions listed in Section 355.[3]

Section 370, 11 U.S.C. § 770, provides for retention of jurisdiction over the distribution of consideration deposited for the satisfaction of Section 369 claims. Appellant

---

tion pertaining to Hartford Textile Corporation or successor Company. [sic]

(b) Doubling the amount to be imposed in letter (a) above, as sanctions imposed by this Court for a villification [sic] of its processes based upon the deliverate [sic] deception and conspiracy among the attorneys for the debtors and their clients for filing falsified Petitions in Bankruptcy;

(c) Revoking the attorneys' fees awarded to Weil, Gotshall [sic] & Manges and Samuel Bushwick, Esq. for their directing and participating in the massive bankruptcy fraud and;

(d) Awarding Claimant Thomas H. Magid, As [sic] Executor of The Estate of Eugene Magid, attorneys' cost for his actions in exposing the bankruptcy fraud.

**2.** In his Notice of Appeal to the District Court, filed January 21, 1980, appellant not only appealed Judge Babitt's order denying "the Motion for Sanctions, etc.," but also Judge Babitt's orders of the same date denying "the Motion

for Order Disqualifying Attorneys" and "the Application to File Administrative Claim." In the subsequent briefs for both parties, however, no mention was made of either the Application or the latter Motion. Apparently, appellant has waived his appeal as to these. Even if he has not, however, these appeals should be dismissed for the same reasons indicated below.

**3.** Section 355 specifies the time for filing proofs of claim and two exceptions thereto. The first exception relates to claims which were scheduled, but not filed, before confirmation. Such claims, if filed within thirty days of the mailing of the notice of confirmation may be considered, though the amount allowable is restricted. The second exception relates to claims based on rejected executory contracts. 11 U.S.C. § 755a. See 9 Collier, *supra*, at ¶ 9.30.

clearly fails to qualify under this section either.

Finally, although not specifically mentioned in Section 367(4), Section 368 provides for the retention of jurisdiction "if so provided in the arrangement." 11 U.S.C. § 768. Appellant apparently is relying on this section when he argues that the bankruptcy court possesses jurisdiction because "jurisdiction over fee applications was reserved in the Order of Confirmation and Discharge." Appellant's Brief, at 5. Appellant's reliance on Section 368 is misplaced, however, as the Order fixing allowances of compensation and directing the distributor to make payment was signed by the Bankruptcy Judge on September 24, 1974.

The Bankruptcy Judge's holding that under Section 367(4), jurisdiction did not survive five years after confirmation is correct. His denial of appellant's motion is, therefore, affirmed, with costs.

SO ORDERED.