659 F.2d 299
 In re HARTFORD TEXTILE CORPORATION, Oxford Chemicals, Inc.,
and Wellington
Print Works, Inc., Debtors. Rose SHUFFMAN, as Executrix of
the Estate of Oscar Shuffman, deceased, Defendant-Appellant,
v.
HARTFORD TEXTILE CORPORATION, Oxford Chemicals, Inc., and
Wellington Print Works, Inc., Plaintiffs-Appellees.
 No. 1341, Docket No. 81-5007.
 United States Court of Appeals,
Second Circuit.
 Argued May 20, 1981.
Decided Sept. 16, 1981.
 
 Bruce R. Zirinsky, Brad E. Scheler, and Weil, Gotshal & Manges, New York City, for plaintiffs-appellees.
 David K. Shuffman, New York City, for defendant-appellant.
 Before MOORE, TIMBERS and MESKILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is the latest in a series of meritless, frivolous appeals, motions and related proceedings[1] brought by Attorney David K. Shuffman (hereinafter "Shuffman") purportedly on behalf of his mother, Rose Shuffman, as executrix of the estate of Oscar Shuffman (hereinafter "appellant"), against Hartford Textile Corporation, Oxford Chemicals, Inc., and Wellington Print Works, Inc., three companies formerly in Chapter XI which now are part of The Hartford Corporation, a successor company which itself is the debtor in a pending Chapter XI proceeding.
 
 
 2
 The specific appeal presently before us is from an order entered January 20, 1981 in the Southern District of New York, Abraham D. Sofaer, District Judge, affirming an order entered January 9, 1980 by Roy Babitt, Bankruptcy Judge, which denied appellant's motion to require the bankruptcy court to reconsider its order entered November 14, 1979 denying appellant's oral application for the appointment of a receiver in a Chapter XI proceeding which had been dismissed more than five years prior thereto and in which the bankruptcy court no longer had jurisdiction over the debtors' assets and affairs.
 
 
 3
 For the reasons below, we affirm, with double costs and $5000 damages assessed against appellant's attorney, David K. Shuffman, Esq.
 
 I.
 
 4
 Appellant's underlying claims[2] stem from a contract which appellant's decedent, Oscar Shuffman, entered into with appellee Hartford Textile Corporation, under the terms of which he was entitled to a finder's fee based on the percentage of deliveries of vinyl to Hartford Textile by Rudd Plastic Fabrics Corporation. Such deliveries were to be made pursuant to a separate contract between Hartford Textile and Rudd. Appellant's multiplicitous claims boil down essentially to two: first, that the Oscar Shuffman contract continued in effect after the filing of the bankruptcy petition and the cessation of deliveries under the Hartford Textile-Rudd contract; and, second, that the determination of appellees' bankruptcy estate should have included purported assets which appellant assert should have been recovered as the result of a series of shareholders' derivative actions brought by certain members of the Magid family. These shareholders' actions were commenced in 1965, eight years prior to the filing of the Chapter XI petition. They had been dormant for eight years prior to the Chapter XI proceeding and they have remained dormant ever since a total of sixteen years.
 
 
 5
 Our Court on December 6, 1978 squarely rejected the first claim of continuing contractual liability. 588 F.2d 872. As for the second claim that purported assets should have been included in the bankruptcy estate our Court on December 27, 1979 squarely held that the bankruptcy court's order denying reargument on the merits of that claim was not an appealable order. 613 F.2d at 385.
 
 
 6
 It is in connection with the second essential claim referred to above, as to which our Court more than a year and a half ago ruled as stated above, that the instant appeal has been taken.
 
 
 7
 The order which is the subject of the instant appeal came about as follows. On November 14, 1979, Shuffman entered the courtroom of the bankruptcy court where a hearing was being held by Judge Babitt on a motion to which neither Shuffman nor his client was a party.[3] Without having filed any motion papers and without having given any notice whatsoever to his adversaries (the debtors), Shuffman made an oral application to Judge Babitt for the appointment of a receiver to take control of the assets and affairs of the Hartford Textile Corporation in a Chapter XI proceeding which had been dismissed more than five years prior thereto, on September 5, 1974, at which time the plan of arrangement was confirmed and the debtors were granted a discharge in bankruptcy. Judge Babitt promptly and unequivocally informed Shuffman that "the (Bankruptcy Court) has no appropriate jurisdiction.... This case was confirmed years ago. The property is revested in the debtor." Shuffman's oral application was denied the same day it was made on November 14, 1979 for lack of jurisdiction. See then applicable Section 367 of the Bankruptcy Act, 11 U.S.C. § 767 (1976) (repealed in part by Bankruptcy Reform Act of 1978; current version at 11 U.S.C. § 1141(a) (Supp. III 1979)).
 
 
 8
 On November 20, 1979, Shuffman filed a motion in the bankruptcy court for reargument of the denial of his application for the appointment of a receiver, alleging in his supporting affidavit that "(i)t is obvious that the stockholders' derivative action which was deliberately omitted from the Petitions and Schedules is an asset of the debtors, and as such, belongs to creditors." Whether "obvious" or not, our Court has ruled that the order of the bankruptcy court denying reargument on the merits of that claim clearly was not an appealable order. 613 F.2d at 385.
 
 
 9
 On January 9, 1980, the bankruptcy court denied Shuffman's motion for reargument. Shuffman thereupon appealed to the district court from the orders of the bankruptcy court of November 14, 1979 and January 9, 1980 denying, respectively, his oral application for the appointment of a receiver and his motion for reargument.
 
 
 10
 From the district court's order of January 20, 1981 dismissing Shuffman's appeal with costs, the instant appeal was taken.
 
 II.
 
 11
 The utter lack of merit to this frivolous appeal, in light of the controlling provisions of the Bankruptcy Act and in the context of our prior decisions in this bankruptcy proceeding, normally would require at most a one sentence order affirming the order of the district court with costs. In view of the sanctions which we impose in Section III of this opinion, however, it is appropriate here to make clear the meritless, frivolous nature of this appeal, particularly in view of the stream of frivolous proceedings which have preceded the instant appeal.
 
 
 12
 The district court held that the bankruptcy court correctly ruled that it did not have jurisdiction to reconsider its denial of Shuffman's oral application for the appointment of a receiver in a Chapter XI proceeding which had been dismissed more than five years earlier. Shuffman v. Hartford Textile Corp., Docket No. 80 Civ. 4390 (ADS), Arrangement Nos. 73 B 674-676 (S.D.N.Y. January 20, 1981). The correctness of that holding is the only issue before us on this appeal. The chief significance of that issue[4] in the context of the instant appeal is what appears to be the inability of Shuffman to accept repeated determinations by the bankruptcy court, the district court and this Court adverse to him on that issue, as we pointed out on an earlier appeal. 613 F.2d at 388.
 
 
 13
 Neither in his brief nor in oral argument on the instant appeal has Shuffman even attempted to address the only issue before us, referred to above.[5] The reason for his avoiding that issue is obvious: we repeatedly have held on prior appeals in this bankruptcy proceeding that the bankruptcy court's order denying reargument clearly is not appealable. 588 F.2d at 876; 613 F.2d at 385. In each instance, we directed Shuffman's attention to the controlling authority in this Circuit. In re Brendan Reilly Associates, Inc., 372 F.2d 235, 238 (2 Cir. 1967).
 
 
 14
 Totally ignoring the only issue on this appeal, as well as the controlling authority and the law of the case which is squarely against him, Shuffman has attempted to mask the frivolity of his appeal by claiming that, since the bankruptcy court took what Shuffman characterizes as "post-confirmation jurisdiction" over appellees' bankruptcy estate,[6] it necessarily now must take "post-confirmation jurisdiction" over the estate for the purpose of including the purported assets he thinks should have been recovered in the shareholders' derivative actions which have been dormant for sixteen years.
 
 
 15
 Aside from the unsupported premise for this frivolous claim, it also is in plain contravention of the conclusive effect of Section 367 of the Bankruptcy Act, 11 U.S.C. § 767 (1976) (repealed in part by Bankruptcy Reform Act of 1978; current version at 11 U.S.C. § 1141(a) (Supp. III 1979)), to which Shuffman's attention has been directed repeatedly by the bankruptcy court, the district court and this Court. In short, the bankruptcy court's jurisdiction does not survive five years after confirmation of the plan and dismissal of the case. And an order of the bankruptcy court denying reargument as to its jurisdiction is not appealable.
 
 
 16
 We affirm in all respects Judge Sofaer's order of January 20, 1981 which affirmed, and dismissed with costs the appeal from, the order of the bankruptcy court of January 9, 1980 which denied reargument of Shuffman's prior oral application for appointment of a receiver.[7]
 
 III.
 
 17
 Having held that this appeal is frivolous and wholly lacking in merit, we turn finally to the matter of sanctions to be imposed. In light of the authorities set forth below, and under all the circumstances of this case, we order that double costs in this Court and $5,000 damages be awarded to appellees and that they be assessed in the first instance against David K. Shuffman, Esq., individually and as attorney for appellant.[8]
 
 
 18
 Our authority to assess damages,[9] as well as double costs,[10] is clearly provided by statute and the governing rule.
 
 
 19
 We have not hesitated to exercise that authority in appropriate cases.[11] Indeed, in at least two prior Shuffman appeals in this Court in the instant bankruptcy proceeding, we have assessed double costs against appellant, Shuffman's client, after finding the appeals to be frivolous. 648 F.2d at 814; 613 F.2d at 386.[12]
 
 
 20
 Moreover, we repeatedly have warned Shuffman that continuation of his repetitive, meritless, frivolous appeals, motions and related proceedings will compel us to impose more severe sanctions. 588 F.2d at 876 n. 3; 613 F.2d at 386; 613 F.2d at 388-91; 648 F.2d at 814.[13]
 
 
 21
 Despite the sanctions heretofore imposed and our repeated warnings to Shuffman over a period of nearly three years, his stream of repetitive, meritless and frivolous filings has continued unabated.[14] In our December 6, 1978 decision disposing of four appeals, we noted that Shuffman had filed at least twenty-five motions, many meritless and many repetitive. 588 F.2d at 876 n. 3. A year later, in one of our December 27, 1979 decisions disposing of three appeals, we found that Shuffman had "more than doubled" his "output of meritless, frivolous filings" since our December 6, 1978 decision, and we set forth in an appendix some twenty-five such meritless, frivolous filings. 613 F.2d at 386-87. In our most recent Shuffman decision, on May 15, 1981, we observed that that frivolous appeal was "a continuation of the meritless and repetitious filings" noted in our two prior opinions referred to above. 648 F.2d at 814. As of the date of the instant opinion, by actual count, we find that Shuffman during the past three years has inundated this Court with more than a hundred motions, petitions, requests, appeals and other filings, virtually all of which have been utterly frivolous, totally devoid of merit, obviously repetitive and demonstrably vexatious.[15]
 
 
 22
 In short, having held that the instant appeal is meritless and frivolous, we conclude, in light of the flood of similar prior meritless and frivolous appeals and related matters pursued by Shuffman in this bankruptcy proceeding, that "the situation here is one of those 'highly unusual' instances which permit the imposition of sanctions under Rule 38 because of 'a clear showing of bad faith'." Fluoro Electric Corporation v. Branford Associates, supra note 9, at 326, quoting West Virginia v. Chas. Pfizer & Co., 440 F.2d 1079, 1092 (2 Cir.), cert. denied, 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971). And we further conclude that, since it is Shuffman individually and as the attorney for appellant who is responsible for the unreasonable prolongation of this litigation by his pursuit of meritless and frivolous appeals, he accordingly is the proper person against whom to assess double costs and damages as ordered below. Browning Debenture Holders' Committee v. Dasa Corp., supra, 605 F.2d at 40-41; Acevedo v. Immigration & Naturalization Service, supra, 538 F.2d at 921.[16]
 
 
 23
 Our decision on this appeal is a stern warning that the United States Courts are not powerless to protect the public, including litigants who appear before the Courts, from the depredations of those such as Shuffman who hold themselves out as attorneys but who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive appeals and other proceedings.
 
 
 24
 We order that the mandate issue forthwith; that the judgment of this Court include the provisions for double costs and damages as ordered above; that execution on the judgment of this Court for damages issue forthwith; and that execution on the judgment of this Court for costs issue within ten days of the date of the taxation of costs according to law.
 
 
 25
 Affirmed, with double costs and $5000 damages against appellant's attorney in this Court, David K. Shuffman, Esq.
 
 
 
 [1]
 E. g., Shuffman v. United States, 648 F.2d 812 (2 Cir. 1981); Shuffman v. Hartford Textile Corp., 628 F.2d 1345 (2 Cir.), cert. denied, 446 U.S. 909, 100 S.Ct. 1837, 64 L.Ed.2d 262 (1980); Shuffman v. Hartford Textile Corp., 613 F.2d 388 (2 Cir. 1979); Shuffman v. Hartford Textile Corp., 613 F.2d 384 (2 Cir. 1979) (three appeals), cert. denied, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980); Shuffman v. Hartford Textile Corp., 588 F.2d 872 (2 Cir. 1978) (four appeals), cert. denied, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979)
 Shuffman has had an unblemished record of total failure in this Court on every appeal, motion and related proceeding, with one exception: one of our decisions of December 27, 1979, after noting that Shuffman's activities to date had "grossly abused the judicial process", remanded the case to the district court for a hearing, after notice, on the question whether Shuffman, individually and in his capacity as an attorney, should be enjoined from filing further papers in this bankruptcy case. 613 F.2d at 391.
 
 
 [2]
 The factual background of appellant's claims and the bankruptcy proceeding is fully set forth in our opinion of December 6, 1978, 588 F.2d 872, and will be referred to here only to the extent necessary to an understanding of the issue presented by the instant appeal
 
 
 [3]
 The motion being heard by Judge Babitt on November 14, 1979 was one by Thomas H. Magid, as beneficiary and executor of the estate of Eugene Magid, seeking sanctions against the attorneys for the debtors in the Hartford Textile Corporation Chapter XI proceeding. The motion was denied on November 14, 1979 by Judge Babitt on the ground that the bankruptcy court no longer had jurisdiction over the debtor's assets and affairs. This order, and a subsequent one denying reargument, upon appeal to the district court, were affirmed in an opinion and order of Judge Pollack on the ground that the bankruptcy court under Section 367(4) of the Bankruptcy Act no longer had jurisdiction. Magid v. Hartford Textile Corp., 7 B.R. 151 (S.D.N.Y.1980)
 Shuffman previously had been denied virtually the same relief sought by Magid at the hearing before Judge Babitt on November 14, 1979. The order denying Shuffman's motion was entered December 8, 1978 and subsequently was affirmed by the district court.
 
 
 [4]
 Underlying that issue, of course, is Shuffman's oft-rejected claim, referred to above, that appellees' bankruptcy estate, which was closed in 1974, should have included purported assets he thinks should have been recovered in the shareholders' derivative actions commenced by members of the Magid family in 1965 and which have been dormant ever since
 
 
 [5]
 Instead of addressing the merits of the only issue before us on this appeal, Shuffman has continued his tactic of attempting to divert attention from the merits of the issue by engaging in such vituperation as "this Court has made so many stupid errors" and "(t)he emasculation of the integrity of the Court and the way it prostitutes the administration justice (sic) is vividly recreated...." (Shuffman Brief at 5)
 In ruling on the merits of this instant appeal, we draw the veil of charity over such vituperation by a member of the bar of this Court. We deal with it more explicitly in Section III of this opinion, infra.
 
 
 [6]
 Referring to the $3,346.71 in additional commissions paid to appellant during the Chapter XI arrangement for deliveries of vinyl pursuant to a settlement agreement following cancellation of the original Hartford Textile-Rudd Plastic Fabrics contract. This was fully explored and ruled upon in our decision of December 6, 1978. 588 F.2d at 874-75. There is nothing whatsoever in the payment of the $3,346.71 in additional commissions which even remotely supports Shuffman's fanciful claim of "post-confirmation jurisdiction"
 
 
 [7]
 Judge Sofaer's order was based on two grounds: (1) the correctness of the bankruptcy court's ruling that it lacked jurisdiction, and (2) the possible availability of relief to appellant (assuming arguendo that appellant's motion was meritorious and that the bankruptcy court had jurisdiction to entertain it) in a new Chapter XI proceeding commenced July 14, 1980 by The Hartford Corporation (which includes its Oxford Division, the successor to Hartford Textile Corporation and Oxford Chemicals, Inc.), a proceeding in which Wellington Print Works, Inc., an affiliate of The Hartford Corporation, filed a separate petition on July 28, 1980, 80 B 11090 (ER); 80 B 11178 (ER) thus rendering moot appellant's instant motion in the bankruptcy court. As a matter of fact, on March 24, 1981 three days before his brief was filed in this Court on the instant appeal Shuffman filed motions in the new Chapter XI proceeding in the bankruptcy court seeking orders (1) appointing a trustee and (2) disqualifying attorneys
 We affirm on both grounds of Judge Sofaer's order of January 20, 1981.
 And we note that long before the notice of appeal in the instant case was filed on February 19, 1981 and the appeal was argued on May 20, 1981, Shuffman was aware of the pendency of the new Chapter XI proceeding.
 
 
 [8]
 If appellees encounter any difficulty in executing the judgment for double costs and damages against Shuffman individually and as attorney for appellant, they may apply to this Court for modification of the judgment in that respect
 
 
 [9]
 Fed.R.App.P. 38 provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."
 In construing Rule 38 in Fluoro Electric Corporation v. Branford Associates, 489 F.2d 320, 326 (2 Cir. 1973), we said:
 "Rule 38 is not premised on a showing of delay in prosecuting an appeal (Advisory Committee's Note to Rule 38; 9 Moore, Federal Practice 4251), although for a simple breach of contract case there has been inordinate delay here in satisfying the judgment. Rather the determination is one of doing justice between the parties, of penalizing a party for unnecessarily wasting the time and resources of the court. NLRB v. Smith & Wesson, 424 F.2d 1072 (1st Cir., 1970).
 "Here the defendant has prosecuted three appeals to this court, in addition to the numerous post-trial motions it has filed here and in the district court. In none of these appeals was there a pretense to any ground for appeal other than the claim that the judgment was against the wrong entity. Such an appeal was particularly unjustified in the case of the third appeal, in relation to which these damages are specifically sought. Rule 38 was designed to penalize litigants for just such tactics as these and to compensate those who have been put to the expense of answering such wholly frivolous appeals. NLRB v. Smith & Wesson, supra; Oscar Gruss & Son v. Lumbermens Mutual Casualty Co., 422 F.2d 1278 (2nd Cir., 1970); Griffin Wellpoint Corp. v. Munro-Langstroth, Inc., 269 F.2d 64 (1st Cir., 1959)."
 
 
 [10]
 28 U.S.C. § 1912 (1976) in relevant part provides: "Where a judgment is affirmed by ... a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs."
 
 
 [11]
 E. g., Browning Debenture Holders' Committee v. Dasa Corp., 605 F.2d 35, 40-41 & 40 n. 5 (2 Cir. 1978) (double costs and $2500 damages assessed against appellant-attorney, who also was attorney for another appellant, the attorney having pursued nine meritless appeals and petitions for mandamus during a six-year period); Der-Rong Chour v. Immigration & Naturalization Service, 578 F.2d 464, 467-69 (2 Cir. 1978), cert. denied, 440 U.S. 980, 99 S.Ct. 1786, 60 L.Ed.2d 239 (1979) (double costs and $1000 damages assessed against petitioner and his attorney where "(t)he petition appears to represent one more step in an outrageous abuse of civil process through persistent pursuit of frivolous and completely meritless claims"); Acevedo v. Immigration & Naturalization Service, 538 F.2d 918, 919-21 (2 Cir. 1976) (double costs assessed against attorney where petition for review was found to be "utterly frivolous and completely lacking in any merit"); Fluoro Electric Corporation v. Branford Associates, supra note 9, at 326 (costs and $4500 damages assessed against appellant which prosecuted three wholly frivolous appeals and numerous post-trial motions in this Court and in the district court); Oscar Gruss & Son v. Lumbermens Mutual Casualty Co., 422 F.2d 1278, 1284-85 (2 Cir. 1970) (additional 4% interest on judgment, double costs, and $7500 attorney's fees assessed against appellant "(i)n view of the superfluity of issues on appeal, the frivolity of almost all of them, and the briefing of many in a manner that simply ignored the abundant evidence"). See Bankers Trust Co. v. Publicker Industries, Inc., 641 F.2d 1361, 1368 (2 Cir. 1981) (double costs and $10,000 damages assessed against appellant and its attorney, with provision that, if appellee's expenses other than costs of appeal but including attorneys' fees are less than $10,000, such sum shall be the amount of damages assessed); Bank of Canton, Ltd. v. Republic National Bank of New York, 636 F.2d 30, 31 (2 Cir. 1980) (double costs and $5,000 damages assessed against appellant, or, in lieu of $5,000 damages, appellee's expenses other than costs of appeal but including counsel fees if such expenses are less than $5,000)
 
 
 [12]
 The bankruptcy court on at least two occasions has imposed sanctions on Shuffman in the instant bankruptcy proceedings. On January 10, 1979 that court fined him $250 for costs. On January 9, 1979 the same court held him in contempt and on January 26, 1979 fined him $50 for such contempt. See 613 F.2d at 386
 
 
 [13]
 For example, on December 6, 1978, in our first written opinion disposing of four of Shuffman's frivolous appeals, we warned (588 F.2d at 876 n. 3):
 "Appellant's counsel has filed at least twenty-five motions in the course of these proceedings. Many were meritless and many repetitive. As a result, the costs of the proceedings have been increased so unreasonably and vexatiously as to warrant consideration by this Court of an order requiring the attorney to satisfy personally the excess costs. See 28 U.S.C. § 1927. We refrain from issuing such an order at this time only because counsel is a young man representing his widowed mother. In so doing, we in no way condone the course of conduct that counsel has pursued in this matter."
 A year later, on December 27, 1979, we further warned (613 F.2d at 386):
 "We would be remiss if we continued much longer to allow valuable time to be diverted from the legitimate work of the court to the frivolous motions and appeals of Shuffman. We consider the present appeal, as well as those in Nos. 79-5036 and 79-5044, to be entirely frivolous, and we award appellees double their costs in connection with these matters. 28 U.S.C. § 1912 (1976); Fed.R.App.P. 38. We further advise Shuffman and her attorney that any further frivolous, vexatious or repetitious motions may well result in the Shuffmans' being ordered to show cause why they should not be enjoined from filing any further papers with this Court, with whatever exceptions may be appropriate, in connection with the Chapter XI proceeding underlying these appeals." (footnote omitted)
 
 
 [14]
 As noted earlier, however, his focus has shifted from any pretense of addressing the substance of his Chapter XI claims to sheer venomous, vexatious and wholly unfounded charges against his opposing counsel and various judges. 613 F.2d at 386 n. 3
 
 
 [15]
 This count includes only filings in our Court
 The Supreme Court has not been spared Shuffman's production. During this period it uniformly has denied Shuffman's various petitions more than a dozen times. It denied certiorari with respect to two of our published Shuffman decisions: 613 F.2d 384 (1979), cert. denied, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980); 588 F.2d 872 (1978), cert. denied, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95, reh. denied, 444 U.S. 975, 100 S.Ct. 473, 62 L.Ed.2d 392 (1979). And it has declined to review our unpublished Shuffman orders in the following reported actions: cert. denied, --- U.S. ----, 101 S.Ct. 321, 66 L.Ed.2d 149 (1980) (Docket No. 80-288; review sought with respect to 2 Cir. Docket No. 79-5060); cert. denied, 446 U.S. 909, 100 S.Ct. 1837, 64 L.Ed.2d 262 (1980) (Docket No. 79-1338); cert. denied, 444 U.S. 1080, 100 S.Ct. 1033, 62 L.Ed.2d 764, reh. denied, 445 U.S. 973, 100 S.Ct. 1670, 64 L.Ed.2d 251 (1980) (Docket No. 79-1001; review sought with respect to 2 Cir. Docket No. 79-5008); cert. denied, 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761, reh. denied, 445 U.S. 973, 100 S.Ct. 1669, 64 L.Ed.2d 251 (1980) (Docket No. 79-942; review sought with respect to 2 Cir. Docket No. 79-5005); cert. denied, 444 U.S. 1078, 100 S.Ct. 1027, 62 L.Ed.2d 761, reh. denied, 445 U.S. 973, 100 S.Ct. 1669, 64 L.Ed.2d 251 (1980) (Docket No. 79-918; review sought with respect to 2 Cir. Docket No. 78-5055); motion denied, 444 U.S. 1011, 100 S.Ct. 1091, 63 L.Ed.2d 327, reh. denied, 445 U.S. 912, 100 S.Ct. 1091, 63 L.Ed.2d 327 (1980) (Docket No. 79-681); cert. denied, 439 U.S. 835, 99 S.Ct. 118, 58 L.Ed.2d 131 (1978) (Docket No. 77-1812).
 And of course Shuffman's filings in the district court and the bankruptcy court during this period have been countless.
 
 
 [16]
 The sanctions imposed by us today upon attorney Shuffman are not intended to influence, nor have we been influenced by, any disciplinary proceedings past, pending or future instituted against this attorney as the result of his persistent frivolous appeals and related proceedings. See ABA Code of Professional Responsibility, EC 7-4; In re Bithoney, 486 F.2d 319 (1 Cir. 1973)