PALMAS DEL MAR
COMPANY, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 85–2034.

United States Court of Appeals,
First Circuit.

Argued June 2, 1986.

Decided July 30, 1986.

Maria S. Pineiro with whom Miguel Palou Sabater and Ledesma, Palou & Mirando, Hato Rey, P.R., were on brief, for petitioner.

Joseph A. Oertel with whom W. Christian Schumann, Rosemary M. Collyer, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D.C., were on brief, for respondent.

Before COFFIN, Circuit Judge, BROWN,* Senior Circuit Judge, and BOWNES, Circuit Judge.

PER CURIAM.

This matter arises out of a consent election held on August 23, 1984, for certain employees of petitioner, Palmas del Mar Company, Inc., resulting in the victory of a newly formed independent union, Union Independiente de Empleados de Palmas del Mar. Objections were shortly thereafter filed by Union de la Industria Gastronomica de Puerto Rico, Local 610, Hotel and Restaurant Employees International Union, AFL–CIO. Hearing was held before David L. Evans, Administrative Law Judge, on December 17–20, 1984. On June 18, 1985, Judge Evans filed his twenty-seven-page decision, finding that petitioner had violated Sections 8(a)(1) and (2) of the National Labor Relations Act. He recommended that the August 23, 1984, election be set aside and a new one held; that petitioner be ordered to cease urging employees to support an independent union, that petitioner refrain from otherwise supporting such a union, as well as threatening to stop operations if employees supported Local 610; and that petitioner post appropriate notices. The petitioner filed thirty-one exceptions to the ALJ's decision, but ultimately the Board affirmed the judge's findings and conclusions and adopted, slightly

* Of the Fifth Circuit, sitting by designation.

modified, his recommended order on October 31, 1985.

It is now some one-and-a-half years later that we dispose of this petition for review and cross-application for enforcement of the Board's order. The petitioner's brief is long on law and short on facts. In order to ascertain whether there were any real issues lurking in this case after the prior proceedings and determinations, we have examined in detail the ALJ's findings, reasoning, and conclusions and also the nature of petitioner's objections. We conclude that this case has outlived any legitimate claim it may once have had to the adjudicatory process.

The ALJ in his decision took pains to scrutinize each of the eighteen alleged violations of section 8(a)(1), the eight alleged violations of section 8(a)(2), and the sixteen Local 610 objections to the election. In his 8(a)(1) scrutiny, he recommended dismissal of paragraphs 5(a), (b), (c), and (t) of the complaint as being pertinent only for background. He then found that paragraphs 5(d), (e), (f), (g), (h), (i), (k), (*l*), (*o*), part of (q), (r), and (s) did indeed call for findings of violation. These findings rested largely on credibility judgments. Five of the more important findings ((e), (f), (i), (*l*), (*o*)) were supported by the fact that petitioner did not choose to call the company spokesman involved, who might have refuted the General Counsel's witnesses if their testimony were false. The ALJ recommended dismissal as to paragraphs 5(p), (u), and most of (q). There was more than sufficient evidence to support the findings that petitioner coerced employees to oppose Local 610 and support the Union Independiente, both by threats of reprisal and promises of benefits.

■ Indeed, the ALJ's discriminating treatment of paragraphs 5(q), (r), and (s) illustrates the carefulness of his decision. He recommended dismissal as to seven out of eight letters identified in paragraph 5(q) because they were well within petitioner's free speech privilege. But the letter of August 21, the Kassan speech of August 2 (r), and the "last pay check" notice of Au-

gust 23 (s) together constituted, he found, "blatant" violations of 8(a)(1). This conclusion is well supported by the record. Petitioner went beyond making reasonable predictions based on available facts. The record indicates repeated, high powered, and undocumented assertions of Palmas del Mar's "critical" financial condition, as well as equally unsupported panic-inducing predictions of Local 610's bargaining demands. Particularly when these statements are viewed as a reasonable employee might view them, *Wyman-Gordon Co. v. NLRB*, 654 F.2d 134, 145 (1st Cir.1981), or through the experienced eyes of the Board, *NLRB v. Gissel Packing Co.*, 395 U.S. 575, 620, 89 S.Ct. 1918, 1943, 23 L.Ed.2d 547 (1969), they provide clear support for the findings of 8(a)(1) violations.

The ALJ scrutinized the 8(a)(2) allegations in a similarly discriminating manner, concluding that the evidence under paragraphs 5(d) through (1), already analyzed under 8(a)(1), also constituted, at a minimum, unlawful support for the independent union, but that it did not rise to the level of domination of that union. Finally, the ALJ painstakingly canvassed the evidence relating to the sixteen objections, recommending that ten be dismissed and six be sustained.

■ Against what we have termed the discriminating (in the praiseworthy, not the pejorative sense) approach of the ALJ, endorsed by the Board, the petitioner's thirty-one objections constitute an undiscriminating scatter-shot approach. Practically all of them are aimed, impliedly or directly, at credibility findings of the ALJ. In addition, the petitioner's brief makes it seem as if the ALJ had resolved every issue in favor of the Board, and thus, it was totally unhelpful to us in reviewing the facts.

The Board's findings as to violations of section 8(a)(1) and 8(a)(2) are abundantly supported by the evidence. Because this petition for review, in light of the evidence and the findings of the Board, was frivolous, we assess petitioner double costs and a reasonable attorney's fee in the amount of $3,000. Fed.R.App.P. 38; *NLRB v.*

*Smith & Wesson,* 424 F.2d 1072 (1st Cir. 1970).