April 8, 1993 [NOT FOR PUBLICATION]
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2163

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

v.

OPTICA LEE BORINQUEN, INC.,

Respondent.

ON PETITION FOR ENFORCEMENT OF AN ORDER OF THE

NATIONAL LABOR RELATIONS BOARD

Before

Cyr and Boudin, Circuit Judges,

and Burns,* Senior District Judge.

Frederick C. Havard, Supervisory Attorney, National Labor

Relations Board, with whom Marilyn O'Rourke, Attorney, Jerry M.

Hunter, General Counsel, Yvonne T. Dixon, Acting Deputy General

Counsel, Nicholas E. Karatinos, Acting Associate General Counsel, and

Aileen A. Armstrong, Deputy Associate General Counsel, were on brief

for petitioner.
John F. Conrad Rodriguez and Lespier & Munoz-Noya on brief for

respondent.

*Of the District of Oregon, sitting by designation.

Per Curiam. Appellant Optica Lee Borinquen ("Optica")
Per Curiam.

challenges, as moot, a National Labor Relations Board ("NLRB") peti-

tion for enforcement of a "cease and desist" order entered November 5,

1991. We grant enforcement and assess double costs against Optica.

I.

Optica owns 32 optical stores in Puerto Rico. In 1989,

after a change in management, Optica proposed certain changes in work

rules for optometrists at its stores. The optometrists responded by

organizing a union, Federacion de Optometras de Puerto Rico ("the

Union"). Optica's management campaigned aggressively against the

Union, and several employees were terminated or transferred in appar-

ent reprisal for their organizing activities. Despite these tactics,

the Union won its representation election and was certified on Novem-

ber 3, 1989. Ignoring the election results, and refusing to negotiate

with the Union, Optica went ahead with its new work rules. The Union

filed an unfair labor practice complaint.

On November 5, 1991, an administrative law judge issued a

"cease and desist" order requiring Optica, inter alia, (1) to termi-

nate its harassment of pro-Union employees; (2) to reinstate the work

rules that existed before the Union was designated as bargaining

representative; (3) to notify the Union, and bargain in good faith,

before making changes in these work rules; (4) to post the order in

all stores; and (5) to offer certain discharged employees reinstate-

ment and back pay. An NLRB appeals panel adopted the order, with

minor changes, on May 26, 1992.

On October 5, 1992, the NLRB filed the instant petition for

enforcement of the order. Optica resists. It does not challenge the

ALJ's findings, or the statutory or equitable bases for the Board's

enforcement petition, but asserts that it has complied with the order

to the extent possible, and that any remaining areas of noncompliance

stem from the Union's own failure to cooperate. By virtue of its

"substantial compliance" with the terms of the order, Optica suggests,

the NLRB enforcement proceeding is moot.

II.

Optica's petition is frivolous. As the Supreme Court

repeatedly has ruled, see NLRB v. Raytheon Co., 398 U.S. 25, 26-27

(1970); NLRB v. Mexia Textile Mills, Inc., 339 U.S. 563, 567 (1950), a

"cease and desist" order targeting unlawful behavior (e.g., refusal to

bargain in good faith) "is not made moot by the employer's abandonment

. . . of the unlawful activity." NLRB v. P*I*E Nationwide, Inc., 894

F.2d 887, 890 (7th Cir. 1990). The First Circuit has endorsed this

rule in several published opinions. See, e.g., NLRB v. Pearl Book-

binding Co., 517 F.2d 1108, 1114 (1st Cir. 1975) ("[F]or the time

being, at least, the company is complying [with the NLRB order. But]

the Company has not conceded the illegality of its conduct, and the

Board's orders impose requirements which the company might at some

3

future time disavow. The case is not moot[,] nor does present compli-

ance deprive this court of power to decide the disputed issues"); see

also NLRB v. Local 1445, United Food & Comm'l Workers, 647 F.2d 214,

217-18 (1st Cir. 1981) ("the Union's cessation of its illegal activi-

ties does not render [an NLRB enforcement action] moot") (citations

omitted).

It is true that certain cases support the denial of a

petition for enforcement when a party can establish that there is "no

reasonable expectation that a wrong will be repeated." United States

v. W.T. Grant Co., 345 U.S. 629, 633 (1953); NLRB v. Jones & Laughlin

Steel Corp., 331 U.S. 416, 428 (1947); Local 1445, 647 F.2d at 218.

But even if Optica has complied to the fullest extent possible with

the NLRB order, as it asserts, mere compliance with the provisions of

a cease and desist order would not implicate this exception to the

rule. As numerous courts have recognized, an employer's compliance

may be temporary, and noncompliance may resume if enforcement is not

ordered by the court of appeals. See P*I*E, 894 F.2d at 890 (citing

Olin Industries, Inc. v. NLRB, 72 F.Supp. 225, 229 (D. Mass. 1947))

(noting that "a remedial order issued by the Labor Board is not self-

executing, [and] the respondent can violate it with impunity until a

court of appeals issues an order enforcing it"). "The Act does not

require the Board to play hide-and-seek with those guilty of unfair

labor practices." Mexia Textile Mills, 339 U.S. at 568.

Optica's brief seems to suggest that "there is no reasonable

expectation that a wrong will be repeated" because Optica "had differ-

4

ent legal representation" at the time the violations were committed.

The identity of the company's counsel is irrelevant. The management

of the company remains the same, and

the company's refusal to bargain and furnish in-
formation has been seen [by the Board] as part of
a studied effort to erode the union's position and
insulate employees from their bargaining agent
.... On this history the Board may reasonably
desire the finality of judicial resolution of its
own decisions as well as a court order to serve as
a pointed deterrent against resumption of the
illegal practices.

Pearl Bookbinding, 517 F.2d at 1114.

We grant enforcement of the NLRB order. Double costs and

reasonable attorney fees of $ 500 are assessed against Optica. See

Fed. R. App. P. 38; Palmas Del Mar Co. v. NLRB, 797 F.2d 39, 40-41

(1st Cir. 1986); NLRB v. Bedford Discounters, Inc., 484 F.2d 923, 923

(1st Cir. 1973); NLRB v. Smith & Wesson, 424 F.2d 1072, 1073 (1st

Cir. 1970).

So ordered.

5