USCA1 Opinion

 

 April 8, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2163 NATIONAL LABOR RELATIONS BOARD, Petitioner, v. OPTICA LEE BORINQUEN, INC., Respondent. ____________________ ON PETITION FOR ENFORCEMENT OF AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD ____________________ Before Cyr and Boudin, Circuit Judges, ______________ and Burns,* Senior District Judge. _____________________ ____________________ Frederick C. Havard, Supervisory Attorney, National Labor ______________________ Relations Board, with whom Marilyn O'Rourke, Attorney, Jerry M. ________________ _________ Hunter, General Counsel, Yvonne T. Dixon, Acting Deputy General ______ ________________ Counsel, Nicholas E. Karatinos, Acting Associate General Counsel, and _____________________ Aileen A. Armstrong, Deputy Associate General Counsel, were on brief ___________________ for petitioner. John F. Conrad Rodriguez and Lespier & Munoz-Noya on brief for _________________________ ____________________ respondent. ____________________ ____________________ ____________________ *Of the District of Oregon, sitting by designation. Per Curiam. Appellant Optica Lee Borinquen ("Optica") Per Curiam. __________ challenges, as moot, a National Labor Relations Board ("NLRB") peti- tion for enforcement of a "cease and desist" order entered November 5, 1991. We grant enforcement and assess double costs against Optica. I. I. Optica owns 32 optical stores in Puerto Rico. In 1989, after a change in management, Optica proposed certain changes in work rules for optometrists at its stores. The optometrists responded by organizing a union, Federacion de Optometras de Puerto Rico ("the Union"). Optica's management campaigned aggressively against the Union, and several employees were terminated or transferred in appar- ent reprisal for their organizing activities. Despite these tactics, the Union won its representation election and was certified on Novem- ber 3, 1989. Ignoring the election results, and refusing to negotiate with the Union, Optica went ahead with its new work rules. The Union filed an unfair labor practice complaint. On November 5, 1991, an administrative law judge issued a "cease and desist" order requiring Optica, inter alia, (1) to termi- _____ ____ nate its harassment of pro-Union employees; (2) to reinstate the work rules that existed before the Union was designated as bargaining representative; (3) to notify the Union, and bargain in good faith, before making changes in these work rules; (4) to post the order in all stores; and (5) to offer certain discharged employees reinstate- ment and back pay. An NLRB appeals panel adopted the order, with minor changes, on May 26, 1992. On October 5, 1992, the NLRB filed the instant petition for enforcement of the order. Optica resists. It does not challenge the ALJ's findings, or the statutory or equitable bases for the Board's enforcement petition, but asserts that it has complied with the order to the extent possible, and that any remaining areas of noncompliance stem from the Union's own failure to cooperate. By virtue of its "substantial compliance" with the terms of the order, Optica suggests, the NLRB enforcement proceeding is moot. II. II. Optica's petition is frivolous. As the Supreme Court repeatedly has ruled, see NLRB v. Raytheon Co., 398 U.S. 25, 26-27 ___ ____ _____________ (1970); NLRB v. Mexia Textile Mills, Inc., 339 U.S. 563, 567 (1950), a ____ _________________________ "cease and desist" order targeting unlawful behavior (e.g., refusal to ____ bargain in good faith) "is not made moot by the employer's abandonment . . . of the unlawful activity." NLRB v. P*I*E Nationwide, Inc., 894 ____ _______________________ F.2d 887, 890 (7th Cir. 1990). The First Circuit has endorsed this rule in several published opinions. See, e.g., NLRB v. Pearl Book- ___ ____ ____ ____________ binding Co., 517 F.2d 1108, 1114 (1st Cir. 1975) ("[F]or the time ___________ being, at least, the company is complying [with the NLRB order. But] the Company has not conceded the illegality of its conduct, and the Board's orders impose requirements which the company might at some 3 future time disavow. The case is not moot[,] nor does present compli- ance deprive this court of power to decide the disputed issues"); see ___ also NLRB v. Local 1445, United Food & Comm'l Workers, 647 F.2d 214, ____ ____ _________________________________________ 217-18 (1st Cir. 1981) ("the Union's cessation of its illegal activi- ties does not render [an NLRB enforcement action] moot") (citations omitted). It is true that certain cases support the denial of a petition for enforcement when a party can establish that there is "no reasonable expectation that a wrong will be repeated." United States _____________ v. W.T. Grant Co., 345 U.S. 629, 633 (1953); NLRB v. Jones & Laughlin ______________ ____ ________________ Steel Corp., 331 U.S. 416, 428 (1947); Local 1445, 647 F.2d at 218. ___________ __________ But even if Optica has complied to the fullest extent possible with the NLRB order, as it asserts, mere compliance with the provisions of a cease and desist order would not implicate this exception to the rule. As numerous courts have recognized, an employer's compliance may be temporary, and noncompliance may resume if enforcement is not ordered by the court of appeals. See P*I*E, 894 F.2d at 890 (citing ___ _____ Olin Industries, Inc. v. NLRB, 72 F.Supp. 225, 229 (D. Mass. 1947)) ______________________ ____ (noting that "a remedial order issued by the Labor Board is not self- executing, [and] the respondent can violate it with impunity until a court of appeals issues an order enforcing it"). "The Act does not require the Board to play hide-and-seek with those guilty of unfair labor practices." Mexia Textile Mills, 339 U.S. at 568. ___________________ Optica's brief seems to suggest that "there is no reasonable expectation that a wrong will be repeated" because Optica "had differ- 4 ent legal representation" at the time the violations were committed. The identity of the company's counsel is irrelevant. The management __________ of the company remains the same, and the company's refusal to bargain and furnish in- formation has been seen [by the Board] as part of a studied effort to erode the union's position and insulate employees from their bargaining agent .... On this history the Board may reasonably desire the finality of judicial resolution of its own decisions as well as a court order to serve as a pointed deterrent against resumption of the illegal practices. Pearl Bookbinding, 517 F.2d at 1114. _________________ We grant enforcement of the NLRB order. Double costs and reasonable attorney fees of $ 500 are assessed against Optica. See ___ Fed. R. App. P. 38; Palmas Del Mar Co. v. NLRB, 797 F.2d 39, 40-41 ___________________ ____ (1st Cir. 1986); NLRB v. Bedford Discounters, Inc., 484 F.2d 923, 923 ____ _________________________ (1st Cir. 1973); NLRB v. Smith & Wesson, 424 F.2d 1072, 1073 (1st ____ ______________ Cir. 1970). So ordered. __ _______ 5