**Dominick and Frances FARINO, Plaintiffs–Appellees,**

v.

**John WALSHE, Esq., Appellant,**

**Advest, Inc. and Charles Lesser, Defendants.**

No. 1630, Docket 91–7159.

United States Court of Appeals, Second Circuit.

Argued June 10, 1991.

Decided June 27, 1991.

and Frances Farino. Walshe had withheld this sum from a settlement in an attempt to impose upon the clients a portion of a Rule 11 sanction imposed on Walshe by Judge Bartels. Finding no merit to the appeal and considering it very likely frivolous, we affirm and order Walshe to show cause why damages should not be imposed under Fed.R.App.P. 38 as a sanction for bringing this appeal.

### Facts

The pending dispute arises out of a claim by the Farinos against Advest, Inc., and an Advest employee for alleged stock trading improprieties. Upon the request of Advest to have the matter submitted to arbitration pursuant to a standard customer agreement signed by the Farinos, Walshe defended on the ground that the signatures on the customer agreement were not genuine. After a hearing, Judge Bartels rejected the defense to arbitration. Pertinent to this appeal, Judge Bartels also determined that a Rule 11 sanction should be imposed. He explicitly ruled that no sanctions were appropriate against the Farinos and that a sanction of $4,000 should be imposed upon Atty. Walshe, payable to Advest. Judgment was entered against Walshe for the $4,000 in 1986.

Prior to the arbitration, the underlying dispute was settled for $150,000. Pursuant to a written retainer agreement with his clients, Walshe was originally entitled to retain one-third of the settlement, $50,000. That agreement included the following sentence: "If the Court awards fees to either side, those will be shared equally between you [the Farinos] and us [Walshe]." In connection with the settlement, Walshe agreed to reduce his fee from $50,000 to $45,000. However, he insisted on deducting from the $105,000 due his clients the sum of $2,500, representing one-half of the Rule 11 sanction, plus $500, which he estimated was one-half of the interest that had accrued on the sanction.

Upon receipt of $102,500, the Farinos complained to Judge Bartels that Walshe had imposed upon them a portion of the Rule 11 sanction that the Judge had im-

John Walshe, pro se.

Dominick Farino, pro se.

Before FEINBERG, NEWMAN and WINTER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

John Walshe, Esq., appeals *pro se* from the January 28, 1991, order of the District Court for the Eastern District of New York (John R. Bartels, Judge) requiring him to pay $2,500 to his former clients, Dominick

**8**

posed solely on Walshe. After a hearing, Judge Bartels agreed with the Farinos and ordered Walshe to pay the withheld $2,500. The Judge ruled that the Rule 11 sanction imposed explicitly on Walshe was not covered by the sentence of the fee agreement concerning a sharing of fees that the Court might award. Not content to let matters rest with collection of a fee of $41,000, net of the $4,000 sanction, Walshe has taken this appeal to challenge the ruling requiring him to pay the withheld $2,500 to the Farinos.

### Discussion

■ Walshe contends that the District Court lacked jurisdiction to order him to pay the withheld $2,500 to his clients. The claim is totally without merit. The Court's unquestioned authority to impose a Rule 11 sanction and to determine that the sanction should be borne by the lawyer and not the clients obviously included the authority to make the express terms of the sanction order effective. *See* 28 U.S.C. § 1651 (1988); *see generally Borowski v. DePuy, Inc.*, 850 F.2d 297, 304–05 (7th Cir.1988) (affirming imposition of sanctions against attorney with no right to reimbursement from client; noting in some cases courts "order that the client shall not reimburse counsel for amount of sanction"). On the merits, we need not determine whether a fee agreement purporting to vary the burdens of a Rule 11 sanction from the allocation made by a district court would be enforceable, because we agree with Judge Bartels that the sentence in the fee agreement concerning "fees" does not apply to Rule 11 sanctions.

■ In view of the complete lack of substance to this appeal, we direct Walshe to show cause within 20 days, by filing a written response with this Court, why damages not exceeding $1,000 should not be assessed against him pursuant to Fed.R. App.P. 38.

The order of the District Court is affirmed.