999 F.2d 708
 26 Fed.R.Serv.3d 441
 Richard X. KNIPE; Glenn A. Valentine; Bernard C. Ford,
Plaintiffs-Appellants,
v.
Samuel K. SKINNER, Secretary, Department of Transportation;
James B. Busey, IV, Administrator, FAA; C. Dean McGrath,
Jr., Acting General Counsel, Department of Transportation;
Neil R. Eisner, Assistant General Counsel, Department of
Transportation; Kenneth P. Quinn, Chief Counsel, FAA;
Gregory S. Walden, Former Chief Counsel, FAA; Daniel D.
Campbell, General Counsel, National Transportation Safety
Board; John M. Stuhldreher, Former General Counsel,
National Transportation Safety Board; John H. Cassady,
Deputy Chief Counsel, FAA; Donald P. Byrne, Assistant Chief
Counsel, FAA; Peter J. Lynch, Lawyer, FAA; Mardi R.
Thompson, Lawyer, FAA; Karen R. Bury, Lawyer, FAA; Joseph
A. Conte, Lawyer, FAA; Harry S. Gold, Lawyer, FAA; Loretta
E. Alkalay, Assistant Chief Counsel, FAA; Randy E. Hyman,
Lawyer, FAA; Brunhilda Sanders-Lane, Lawyer, FAA; Daniel
J. Peterson, Regional Director, FAA; Thomas Accardi,
Official, FAA; Nicholas A. Sabatini, Official, FAA;
Charles G. O'Neill, Official, FAA; Roy E. Johnsen, Former
Official, FAA; Marinus "Rene" Koch, Inspector, FAA; Robert
E. Martin, Official, FAA; George Murgitroyde, Official,
FAA; Marc Pandeloglou, Official, FAA; Robert D. Murchland,
Inspector, FAA; Edward Harahush, Inspector, FAA, Defendants-Appellees,
Lawrence B. Smith, Respondent.
 No. 1300, Docket 92-6293.
 United States Court of Appeals,
Second Circuit.
 Argued April 16, 1993.
Decided July 30, 1993.
 
 Lawrence B. Smith, Tucson, AZ, for plaintiffs-appellants.
 Michael S. Raab, Appellate Staff Civ. Div., Dept. of Justice, Washington, DC (Stuart M. Gerson, Asst. Atty. Gen., Gary L. Sharpe, U.S. Atty. N.D.N.Y., Barbara L. Herwig, Appellate Staff Civ. Div., Dept. of Justice, Washington, DC, of counsel), for defendants-appellees.
 Before: VAN GRAAFEILAND and WINTER, Circuit Judges, and SPRIZZO, District Judge.*
 WINTER, Circuit Judge:
 
 
 1
 Richard X. Knipe, Glenn A. Valentine, and Bernard C. Ford appeal from Judge McAvoy's order dismissing their complaint. We affirm. Counsel for appellants is ordered to show cause why he should not pay double costs and fees pursuant to Fed.R.App.P. 38 for bringing a frivolous appeal.
 
 
 2
 Knipe was owner and operator of Mall Airways, Inc., a commuter airline based in Albany, New York. Valentine and Ford were managers of the airline. During 1988, the Federal Aviation Administration ("FAA") investigated the airline for compliance with federal aviation safety requirements. After conducting base and special investigations, the FAA determined that the airline was violating emergency safety requirements. The agency threatened a certificate action against Mall Airways and closed it for approximately two months until it complied with those requirements. The FAA also sought unsuccessfully to revoke Valentine's and Ford's FAA-issued Airline Transport Pilot certificates and to charge Knipe with civil penalties for the safety violations. See 49 U.S.C. app. §§ 1429(a) (amending, suspending or revoking certificates), 1471(a)(1) (imposing penalties).
 
 
 3
 Appellants brought the instant action against thirty-one present and former federal officials of the FAA, Department of Transportation, and National Transportation Safety Board in their individual capacities, ("appellees") seeking damages under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and its progeny for alleged violations of the Fifth and Sixth Amendments of the Constitution. Essentially, appellants sued appellees for enforcing the Federal Aviation Act of 1958, 72 Stat. 731, as amended, 49 U.S.C.App. § 1301 et seq. ("the Act"), which appellants contend is unconstitutional.
 
 
 4
 Appellees filed a motion to dismiss under Fed.R.Civ.P. 12(b)(2), (b)(5), (b)(6). Judge McAvoy granted the motion, rejecting each of appellants' nineteen claims for reasons stated in an opinion dictated from the bench. He held, inter alia, that the officers had statutory or regulatory authority for their actions, those actions fell within the scope of that authority, the Act met due process requirements, and the Fifth and Sixth Amendments had not been violated. Appellants then brought the instant appeal.
 
 
 5
 Pursuant to Fed.R.App.P. 28(a)(3), the brief submitted by appellant's counsel contained the following "Statement of Issues."Was dismissal of plaintiffs' complaint an abuse of discretion by the District Judge and were plaintiffs' rights to procedural due process violated because:
 
 
 6
 (a) Defendants motion to dismiss was made without specific arguments (with some general exceptions) addressed to the merits of each carefully detailed cause of action, thus depriving plaintiffs of the opportunity to properly respond and defend each?
 
 
 7
 (b) The District Judge at oral argument dictated from the bench a lengthy opinion--as of this date not yet distributed--which did deal (we think) with the merits of each specific cause of action, evidently ruling each had no validity, and by so doing, himself, become an advocate and leaving plaintiffs with no way to respond or rebut?
 
 
 8
 Notably absent from the Statement of Issues was any statement concerning whether the district court's decision was correct or incorrect on the merits. Faithful to the Statement of Issues, appellants' main brief argued that the papers submitted to the district court in support of appellees' motion to dismiss lacked sufficient particularity because they purportedly did no more than list various decisions rejecting similar claims.[1] Appellants argue that this lack of specificity left them unable to respond. This argument is entirely frivolous. There is no constitutionally protected right to have one's opponent file a specific brief. Much less is there a right to a reversal of a judgment dismissing a complaint pursuant to Rule 12 absent some claim that the dismissal was wrong on the merits.
 
 
 9
 Moreover, the argument is without basis in fact. Examination of the proceedings in the district court reveals that appellees' brief in support of their motion addressed each of appellants' various claims individually. Moreover, four of the precedents cited in appellees' brief were court of appeals' decisions in which counsel for appellants in the instant case had brought similar or identical claims and lost. See, e.g., Rochna v. National Transp. Safety Bd., 929 F.2d 13 (1st Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 305, 116 L.Ed.2d 248 (1991); Tearney v. National Transp. Safety Bd., 868 F.2d 1451 (5th Cir.), cert. denied, 493 U.S. 937, 110 S.Ct. 333, 107 L.Ed.2d 322 (1989); Komjathy v. National Transp. Safety Bd., 832 F.2d 1294 (D.C.Cir.1987) (per curiam), cert. denied, 486 U.S. 1057, 108 S.Ct. 2825, 100 L.Ed.2d 926 (1988); Go Leasing, Inc. v. National Transp. Safety Bd., 800 F.2d 1514 (9th Cir.1986). Counsel for appellants cannot seriously claim surprise concerning the ample grounds supporting a motion to dismiss in light of the legal education he has received in four different circuits.
 
 
 10
 We also reject as meritless appellants' allegation that Judge McAvoy acted as an "advocate." Nothing in the record suggests that the judge did anything but give an objective and fair-minded appraisal of the merits of the complaint. Nor is there any impropriety in his delivering an oral opinion on the record. If counsel had difficulty in obtaining a transcript of that decision before his appellate brief was due, he could have moved in this court for the necessary extension of time. (He appears to have obtained one extension from staff counsel but then failed to pursue the matter.)
 
 
 11
 The reply brief contained arguments on the merits that addressed Judge McAvoy's dismissal of the complaint and included some that were not even made in the district court. Arguments may not be made for the first time in a reply brief. For example, in N.L.R.B. v. Star Color Plate Serv., 843 F.2d 1507 (2d Cir.1988), we rejected an attempt "to raise [an issue] for the first time in [a] reply brief" even though the issue had been raised in a previous proceeding. Id. at 1510 n. 3. We stated that the "failure to present this claim in [the] original brief before this court provides [a] ground under Fed.R.App.P. 28(a)(2) for our refusal to hear this claim." Id.; see also Bendix Autolite Corp. v. Midwesco Enters. Inc., 486 U.S. 888, 893-97, 108 S.Ct. 2218, 2222-23, 100 L.Ed.2d 896 (1988) (refusing to evaluate an argument the Sixth Circuit refused to consider because first raised in reply brief); Lee v. Burkhart, 991 F.2d 1004, 1010 n. 4 (2d Cir.1993) (declining to consider plaintiff's allegation raised for first time in reply brief); Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 653 n. 3 (2d Cir.1979). Other circuits similarly refuse to consider issues that have not been argued in the opening appellate brief. See, e.g., United States v. Jenkins, 904 F.2d 549, 554 n. 3 (10th Cir.), cert. denied, 498 U.S. 962, 111 S.Ct. 395, 112 L.Ed.2d 404 (1990); Duggan v. Board of Educ. of E. Chicago Heights, 818 F.2d 1291, 1293 (7th Cir.1987).
 
 
 12
 It is true that the reply brief does "reply" to arguments made by appellees in their answering brief. The fact that appellees felt compelled to address the merits out of caution does not, however, broaden the appellants' Statement of Issues. For this reason, we strike the reply brief as irrelevant under the Statement of Issues.
 
 
 13
 Because we believe this appeal to be frivolous, we sua sponte order counsel for appellants to show cause why he should not pay double costs and fees under Rule 38. See Farino v. Walshe, 938 F.2d 6, 8 (2d Cir.1991); DeLuca v. Long Island Lighting Co., 862 F.2d 427, 429-30 (2d Cir.1988). Because the frivolous nature of this appeal is due to counsel, he should bear sole liability for the sanctions. See In re Hartford Textile Corp., 659 F.2d 299, 303-06 (2d Cir.1981) (per curiam), cert. denied, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982); United States v. Potamkin Cadillac Corp., 689 F.2d 379, 381-82 (2d Cir.1982) (per curiam). Counsel has thirty days from the date of this opinion to file a written statement concerning the propriety of sanctions.
 
 
 14
 Affirmed. Counsel is ordered to show cause why he should not be sanctioned pursuant to Fed.R.App. 38.
 
 
 
 *
 The Honorable John E. Sprizzo, United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 The only paragraph of the brief that resembled a defense of the complaint on the merits was the following:
 Examples of the problem--The Twelfth Cause of Action does not depend upon any part of the FAA enforcement program, for instance, for failure to have a rule, but simply alleges that in their action threatening Mall Airways with emergency revocation, the officials involved violated the agency's own rules. The Thirteenth is based on the same principle. The FAA Administrator must specifically delegate his authority, and the allegation is that no such delegation was made to the inspector, the eminence grise, who made the threats. This violated the Federal Aviation Act. In the Seventeenth, appointing this same inspector as team leader of a special inspection team, which put him in the position to make his threats, violated strict agency rules about the use of such teams.
 Brief for the Appellants 11-12 (citations and emphasis omitted).