**T & T GUNNERY AND RANGE, INC., Plaintiff–Appellant,**

v.

**The INCORPORATED VILLAGE OF FLORAL PARK and Robert L. Solarino, individually and AS Building Inspector of the Incorporated Village of Floral Park, Defendants–Appellees.**

Docket No. 02–7139.

United States Court of Appeals, Second Circuit.

Nov. 1, 2002.

Steven J. Harfenist, Lake Success, NY, (Neil Torczyner, on the brief), for Appellant.

John E. Ryan, Floral Park, NY, (Marc M. Isaac, on the brief), for Appellees.

Present VAN GRAAFEILAND, JACOBS and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant T & T Gunnery and Range, Inc. ("T & T") appeals from a final order, entered in the United States District Court for the Eastern District of New York (Mishler, *J.*) on January 10, 2002, granting summary judgment dismissing T & T's action under 42 U.S.C. § 1983 against the Village of Floral Park and its Superintendent of Buildings, who had issued a cease-and-desist order closing the shooting range on the ground that a support column in the middle of the range was visibly buckling. T & T alleged that this action violated its procedural and substantive due process rights. On appeal, T & T urges that there are genuine issues of material fact as to the basis for the closure, the propriety of the Superintendent's actions, and the adequacy of process afforded to T & T.

This Court reviews *de novo* a district court's grant of summary judgment. *See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). In doing so, this Court must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

This case is controlled largely by *Catanzaro v. Weiden,* 188 F.3d 56 (2d Cir.1999), as the district court fully recognized. Therefore, we affirm the grant of summary judgment for substantially the reasons stated in the court's order. First, there was competent evidence that continued use of the shooting range might further weaken the buckling lally column and cause the building to collapse: the column was buckling and bore indentations consistent with bullet impacts. T & T's engineer later opined that the buckling was likely caused by overloading (rather than shooting), but this information was unavailable to Solarino at the time of his inspection. *See Catanzaro,* 188 F.3d at 63 (discouraging "hindsight analysis" of official's emergency decision).

Second, T & T offers no evidence that Solarino acted arbitrarily or abused his discretion. T & T does not explain why Solarino had to conduct any tests beyond his visual inspection, or why, under the Code of the Village of Floral Park, he had insufficient authority to order the correction of a building code violation. Even if in 1994 Floral Park considered a ban on retail gun sales, that datum would not, on its own, support a conclusion that Solarino acted arbitrarily. T & T would have been grandfathered if the law had passed (which, in any event, it did not). T & T offers no evidence that Solarino played any role in the legislative initiative or that those who did had any influence over him.

Third, T & T had an adequate opportunity for postdeprivation review of Solarino's order. As the district court found, it was "undisputed that the appearance ticket issued to Martin Tretola clearly provided Plaintiff with the opportunity for a hearing and judicial determination with respect to the propriety of the Cease and Desist order." T & T argues for the first time in its reply brief that this proceeding "[did] not afford T & T the opportunity to redress the unilateral deprivation of its livelihood" because "the Village Court could not compensate it for the loss of business sustained during the period the range was closed." We do not consider this argument. *See Knipe v. Skinner,* 999 F.2d 708, 711 (2d Cir.1993) ("Arguments may not be made for the first time in a reply brief."). And in any event, it is not self-evident that the Village Court proceeding offered no compensatory or remunerative remedy, nor that such a remedy is even necessary. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.,* 452 U.S. 264, 298–303, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981).

T & T's claim based on substantive due process likewise requires a showing (lacking here) that Solarino acted arbitrarily. *See Catanzaro,* 188 F.3d at 64.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.