Tho Dinh TRAN, Plaintiff–Counter–Defendant–Appellee,

v.

Dinh Truong TRAN, and Jude Hotel Corporation, d/b/a The Hotel Kenmore, Defendants–Appellants.

the Alphonse Hotel Corporation, d/b/a
The Carter Hotels, Defendant–
Counter–Claimant–Appellant.

Docket No. 02–9216.

United States Court of Appeals,
Second Circuit.

June 3, 2003.

Marc C. Sternick, Law Office of Mark C. Sternick, Forest Hills, NY, for Plaintiff–Appellee, Tho Dinh Tran.

David M. Levy, Levy, Boonshoft & Spinelli, P.C., New York, NY, for Defendants–Appellants, Dinh Truong Tran; The Alphonse Hotel Corporation, d/b/a The Carter Hotels; and Judge Hotel Corporation, d/b/a The Hotel Kenmore.

Present: OAKES, WINTER, and KATZMANN, Circuit Judges.

**ORDERED, ADJUDGED AND DE-CREED** that the judgment of the District Court is **AFFIRMED.**

In our earlier review of the District Court's disposition of the merits of this suit, *see Tran v. Alphonse Hotel Corp.*, 281 F.3d 23 (2d Cir.2002), we vacated the District Court's verdict in favor of the Plaintiff under a civil RICO theory of liability, *id.* at 35–36, and remanded with instructions for the District Court to dismiss the RICO claims as time-barred, *id.* at 37. Following remand, the Plaintiff made a renewed motion for attorney's fees, and the District Court in a thorough opinion awarded plaintiff fees not only for his successful claims, but also for time expended in pursuit of the dismissed RICO claims. The Defendants now appeal. Because we conclude that the RICO claims shared a "common core of facts," *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), with the claims upon which Plaintiff prevailed, we will affirm the award.

█ The Defendants first argue that we effectively resolved this issue in our previous decision on the merits. It is true that in *Tran* we determined that the plaintiff's RICO claim, which was based on allegations of bribery that were nowhere in the original complaint, could not "relate back" to the time of the original filing so as to avoid the statute of limitations. 281 F.3d at 35–36. The relation-back inquiry, however, is both logically and legally distinct from our task in reviewing an award of attorney's fees. In contrast to the traditional fee-award criteria described in *Eckerhart*, the central question in the "relates back" query "'is whether the original complaint gave the defendant fair notice of the newly alleged claims.'" *Tran*, 281 F.3d at 36 (quoting *Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir.1998)). The

difference is that between what the defendant fairly can expect and what the plaintiff conceivably can pursue. For example, it is possible that an "alternative legal ground" for relief, *Eckerhart*, 461 U.S. at 435, might rest on evidence a defendant did not have a fair opportunity to investigate as a result of dilatory assertion of the claim. Alternately, although two claims (one timely, the other not) might share most underlying evidence in common, the untimely claim might be distinguished by a narrow, but key, difference in the proof needed. In such circumstances, the late claim could be compensable under *Eckerhart* but would not "relate back" under our precedent.

We believe that to be the case here, as well. In our previous opinion, we directed the District Court to dismiss the RICO claims because we thought the original pleadings did not adequately warn the Defendants that they faced allegations of bribery. *See Tran*, 281 F.3d at 36. While we did observe that the amendment did more than "merely add[ ] a new legal theory," *id.*, we did not hold that the RICO claims were not an alternative legal ground for the relief sought in the FLSA claims. And, although we believed the critical additional allegation of bribery was significant enough that the Defendants were required, in fairness, to have adequate notice of it, we did not consider whether the RICO allegations were as a consequence so different from the FLSA claims that they could not be said to rest on a "common core of facts." We now reach that question.

█ In appraising the appropriateness of a fee award for time expended on unsuccessful claims, our object is to determine whether the hours billed were "reasonably expended." *Eckerhart*, 461 U.S. at 435. That is, we ask whether the unsuccessful claims were "alternative legal grounds" for

the "excellent results" obtained by the prevailing plaintiff on a claim arising out of a "common core of facts," *id.,* or whether the time expended on all of the claims would, essentially, have been expended on any one of them, *see Dominic v. Consol. Edison Co. of N.Y., Inc.,* 822 F.2d 1249, 1259–60 (2d Cir.1987); *see also Mikes v. Straus,* 274 F.3d 687, 705 (2d Cir.2001). " '[W]e will not disturb the court's calculation of reasonable fees absent an abuse of that discretion or an error of law.' " *Farias v. Instructional Sys., Inc.,* 259 F.3d 91, 103 (2d Cir.2001) (quoting *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir.1999)).

The RICO claims easily meet this standard. The Defendants concede that the facts underlying the Plaintiff's failed RICO claims were also relevant to his successful FLSA claim. As the District Court found, and the Defendants admit, evidence that the Defendants attempted to bribe union officials in order to cover up the Defendants' employment practices would undoubtedly be probative of whether the FLSA violations were wilful. The Defendants attempt to argue, however, that time expended on the RICO claims should not have been compensable because it proved, ultimately, to be cumulative. The Supreme Court has already squarely rejected this argument. *See Eckerhart,* 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of *or failure to reach* certain grounds is not a sufficient reason for reducing a fee.") (emphasis added). Therefore, since the RICO claims rest on a common core of fact, and offered an alternative legal ground for the remedy actually obtained under the successful FLSA claims, the time expended on the RICO claims is compensable.

■ In their reply brief, the Defendants also contend that, whatever the factual overlap between the RICO and FLSA claims, the purely legal work expended on the failed RICO claims should not be compensable. "Normally," however, "we will not consider arguments raised for the first time on appeal in a reply brief." *O'Hara v. Weeks Marine, Inc.,* 294 F.3d 55, 67 n. 5 (2d Cir.2002) (internal alterations and quotations omitted); *see also Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir.1999) (per curiam); *Knipe v. Skinner,* 999 F.2d 708, 710–11 (2d Cir. 1993). Accordingly, we do not reach this question.

Therefore, for the reasons stated above, the judgment of the District Court is hereby Affirmed.