09-2852-ag
Singh v. Holder

BIA
A075 253 532

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

KRISHAN SINGH
> *Petitioner,*

> v.                                    09-2852-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Viney K. Gupta, Orange, CA.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; David V. Bernal, Assistant
                       Director; Yedidya Cohen, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED, in part, and DENIED, in part.

Petitioner Krishan Singh, a native and citizen of India, seeks review of a June 19, 2009, order of the BIA denying his motion to reopen. *In re Krishan Singh*, No. A075 253 532 (B.I.A. Jun. 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Because Singh filed this, his fourth motion before the agency, more than five years after the BIA's final order of removal, he was required to show an exemption from the time and number limitations on motions to reopen. *See* 8 U.S.C. § 1229a(7)(C).

Singh argues that the BIA erred in failing to equitably toll the time limits on his motion to reopen on the basis that he received ineffective assistance of counsel. Because Singh did not raise the issue of ineffective assistance of counsel in his 2009 motion to the BIA (the denial of which is the subject of this petition for review), we are unable

2

to address it and this petition is untimely for review of the BIA's denial the last motion to reopen in which he raised the issue. *See Stone v. INS*, 514 U.S. 386, 405 (1995) (explaining that courts should treat each petition for review as challenging only the BIA decision from which it was timely filed); *Garcia-Martinez v. Dep't of Homeland Security*, 448 F.3d 511, 513-14 (2d Cir. 2006) (providing that, where a petitioner fails to raise an ineffective assistance of counsel claim with the BIA, the petitioner forfeits that claim in this Court).

Singh raises other grounds for why his motion to reopen was excepted from the time and number limits on motions to reopen, but he raised those arguments for the first time in his reply brief. Accordingly, we decline to address them. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that issues not sufficiently argued in the briefs are considered waived); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").

Because Singh's motion to reopen was not filed within the ninety day limit on motions to reopen, or the one year limit on motions to reopen to apply for relief as a battered

3

spouse, the BIA did not abuse its discretion in denying his motion to reopen as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (iv)(III).

Singh argues that the BIA should have exercised its *sua sponte* authority, *see* 8 C.F.R. § 1003.2(a), to grant his motion without regard to its timeliness.  However, such a decision is "entirely discretionary," and we lack jurisdiction to consider it.  *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).  Nor is there any indication that the BIA's decision not to reopen *sua sponte* was based on any legal error, *see Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (providing that we have jurisdiction to review the agency's decision not to exercise its *sua sponte* authority where the BIA misperceived the legal background).

Finally, Singh was not deprived of due process. The BIA did not abuse its discretion in denying his motion to reopen as untimely, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), (iv)(III).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  Singh's motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4