14-3438-cv
*Whelehan v. Bank of America Pension Plan for Legacy Fleet – Traditional Benefit, et al.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand fifteen.

PRESENT:    AMALYA L. KEARSE,
            RALPH K. WINTER,
            JOSÉ A. CABRANES,
                      *Circuit Judges.*

---

KATHLEEN WHELEHAN,

     *Plaintiff-Appellant,*                        14-3438-cv

     v.

BANK OF AMERICA PENSION PLAN FOR LEGACY
COMPANIES – FLEET – TRADITIONAL BENEFIT,
TRUSTEES OF THE BANK OF AMERICA PENSION PLAN
FOR LEGACY COMPANIES – FLEET – TRADITIONAL
BENEFIT, AND BANK OF AMERICA,

     *Defendants-Appellees.*[*]

---

[*] The Clerk of Court is directed to amend the official caption to conform with the caption above.

1

**FOR PLAINTIFF-APPELLANT:**        MICHAEL T. HARREN, Trevett Cristo Salzer & Andolina P.C., Rochester, NY.

**FOR DEFENDANTS-APPELLEES:**        BETH L. KAUFMAN (Paulette J. Morgan, *on the brief*), Schoeman Updike Kaufman & Stern LLP, New York, NY.

Appeal from two orders of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **AFFIRMED**.

Plaintiff-appellant Kathleen Whelehan appeals the District Court's March 17, 2014 order denying her motion for partial summary judgment and request for further discovery and granting summary judgment in favor of defendants-appellees Bank of America Pension Plan for Legacy Fleet – Traditional Benefit ("Plan"), Trustees of the Bank of America Pension Plan for Legacy Fleet – Traditional Benefit, and Bank of America (jointly, "defendants"), as well as the District Court's August 29, 2014 order denying Whelehan's motion for reconsideration. We assume the parties' familiarity with the underlying facts and the case's procedural history.

On appeal, Whelehan contends that the District Court improperly overlooked genuine issues of material fact in granting summary judgment dismissing her claims for benefits and breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA") and erroneously determined that defendants had not violated ERISA by denying her request for certain documents. In any event, she argues, the District Court should have permitted her to augment the factual record through discovery before granting summary judgment.

Reviewing the District Court's grant of summary judgment *de novo*, *Amaker v. Foley*, 274 F.3d 677, 680 (2d Cir. 2001), and its denial of additional discovery for abuse of discretion, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994), we affirm.

In Whelehan's leading argument, she asserts that genuine issues of material fact preclude a judicial determination that the denial of her claim for pension benefits by the Bank of America Benefits Appeals Committee ("Appeals Committee") was not arbitrary and capricious.[1] Whelehan

---

[1] In her reply brief, and apparently for the first time in this litigation, Whelehan raises the argument that the Appeals Committee's decision is not owed deference because the Plan does not vest the Appeals Committee with discretionary authority in rendering decisions on benefits. *Compare* Whelehan Br. 23 ("[T]his Court must apply the deferential arbitrary and capricious standard to the Plan's interpretation."), *with* Whelehan Rep. Br. 4 ("[T]he Court cannot grant the decision of the

takes the position that to render a reasoned decision denying her claim, the Appeals Committee was obliged to undertake a full investigation of her employment history, document its efforts and findings, and demonstrate that under the Plan, a person with such a history is not entitled to benefits. Absent record evidence showing that the Appeals Committee undertook this operation, she urges, defendants are not entitled to summary judgment.

This argument is not persuasive. It is an ERISA claimant's burden to establish an entitlement to benefits, and "administrators may exercise their discretion in determining whether a claimant's evidence is sufficient to support his claim." *Roganti v. Metro. Life Ins. Co.*, 786 F.3d 201, 212 (2d Cir. 2015). In this case the Appeals Committee determined that Whelehan's meager evidentiary showing failed to establish that she became eligible for Plan benefits at Security Trust Company,[2] participated in the Plan, and accrued a vested benefit.[3] *See generally Jiras v. Pension Plan of Make-Up Artist & Hairstylists Local 798*, 170 F.3d 162, 166 (2d Cir. 1999) (upholding the plan administrator's refusal to increase a benefits award under arbitrary and capricious review, when the claimant "offered no documentation as to any collective bargaining agreements or [employer contributions]" and "the only affidavit supporting his position was unsubstantiated" and came from an unreliable witness). Rather than point to evidence in the administrative record undermining the Appeals Committee's decision, Whelehan demands that defendants produce evidence supporting it. This misapprehends ERISA's assignment of burdens and the scope of judicial review. "[A] district court's review under the arbitrary and capricious standard is limited to the administrative record." *Miller*, 72 F.3d at 1071. Whelehan had the opportunity to compile an evidentiary record demonstrating her entitlement to benefits — an opportunity that she was informed included the right to obtain relevant documents from the Plan administrator, without cost — but the Appeals Committee concluded that she had not done so. In view of Whelehan's lackluster submission,

_____

plan administrator a deferential standard of review."). A litigant may not raise an argument for the first time in a reply brief, *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993), so we decline to consider this theory.

[2] In her submissions to the Appeals Committee, Whelehan stated that she had worked at predecessor organizations of Bank of America, including Security Trust Company, between 1972 and 1988.

[3] This showing did *not* include the certified record from the Social Security Administration ("SSA") dated June 28, 2013, indicating that Whelehan worked for Security Trust Company from 1972 to 1986. J.A. 42-43. The SSA document was issued nearly a year after the Appeals Committee's final decision of August 2, 2012. J.A. 114-15. The District Court therefore properly declined to consider it in reviewing the Appeals Committee's decision under the arbitrary and capricious standard. *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995) ("[A] district court's review under the arbitrary and capricious standard is limited to the administrative record.").

which the District Court quite accurately characterized as a "motley array of uncertified, ambiguous documents," this conclusion was not arbitrary and capricious.

Neither did the District Court err in granting summary judgment for defendants on Whelehan's claims for breach of fiduciary duty. A claim under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), "may not be made for individual relief, but instead [is] 'brought in a representative capacity on behalf of the plan.'" *Coan v. Kaufman*, 457 F.3d 250, 257 (2d Cir. 2006) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985)). Whelehan seeks only individual relief and therefore may not proceed under § 502(a)(2). Similarly, to the extent that Whelehan may have intended to invoke ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), that section may not be relied on by a claimant to pursue relief — in this case, pension benefits — available under a separate ERISA provision. *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) ("[W]here Congress elsewhere provided adequate relief for a beneficiary's injury . . . relief [under § 502(a)(3)] normally would not be 'appropriate.'").

Whelehan next argues that the District Court erred in granting summary judgment on her second cause of action, in which she sought damages under 29 U.S.C. § 1132(c)(1) on the ground that defendants refused to furnish her with Plan documents on request (as required by 29 U.S.C. § 1024(b)(4)). Whelehan was entitled to relief on this claim only if she requested information from the Plan administrator, the administrator refused to furnish it, the administrator was obliged to furnish it because Whelehan qualified as a "participant" or "beneficiary," and the administrator's refusal did not result from matters reasonably beyond its control. 29 U.S.C. § 1132(c)(1). It appears that Whelehan's attorney requested "certain documents" from the Appeals Committee in January 2013, J.A. 30-31, ¶ 36, but the administrative proceedings had been concluded in August 2012, and there is no evidence in the record that Whelehan requested Plan documents from the Plan administrator at any point during those proceedings.[4] Accordingly, the District Court did not err in granting summary judgment for defendants on this claim.

Finally, we conclude that the District Court did not abuse its discretion in denying Whelehan's request for further discovery. A litigant may resist a summary judgment motion by

---

[4] Whelehan correctly notes that a person is a "participant" entitled to certain documents if he has a "colorable claim" to vested benefits; that is, a person can be a "participant" without actually being entitled to benefits. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989). She argues that the evidence before the District Court — including her June 2013 SSA record, which was issued six months after her attorney requested documents from the Appeals Committee — easily satisfies the "colorable claim" standard. But Whelehan's task is not to demonstrate that she qualifies as a "participant" today. It is to establish that she requested covered documents from the Appeals Committee, and the Appeals Committee refused to furnish them (though not for reasons outside its control) even though she then qualified as a "participant." Whelehan fails to identify record evidence establishing any of these things, and the Court's own search has turned up nothing.

asserting the need for additional discovery, but in so doing must comply with the requirements of Federal Rule of Civil Procedure 56(d) by submitting an affidavit that includes "the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." *Paddington Partners*, 34 F.3d at 1138 (discussing materially identical prior version of Rule 56(d)). Here, Whelehan did not submit an affidavit at all in responding to defendants' motion — she merely asked for further discovery in her responsive filing — and this alone was reason to deny her request. *See id.* at 1137. Moreover, as the District Court noted, the documents Whelehan sought could not have given rise to a genuine issue of material fact: the District Court's review of the Appeals Committee's decision was limited to the administrative record.[5] *Miller*, 72 F.3d at 1071. For this reason, too, the District Court acted well within its discretion in denying Whelehan's procedurally improper request for discovery, as well as in declining to consider the untimely affidavit she filed in connection with her motion for reconsideration.

## CONCLUSION

We have reviewed all of Whelehan's arguments on appeal and find them to be without merit. We thus **AFFIRM** the March 17, 2014 and August 29, 2014 orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] Whelehan suggests that these documents might have demonstrated the existence of a conflict of interest, and on this subject discovery of material outside the administrative record is typically appropriate. *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 174 (2d Cir. 2001). But Whelehan identifies no particular reason to suppose that the Appeals Committee was operating under a conflict, and she did not allege a conflict in her amended complaint. Accordingly, the District Court properly denied her request for discovery on this topic. *See Paddington Partners*, 34 F.3d at 1138 (a litigant that has a claim may be granted time for additional discovery, but a litigant may not obtain time for additional discovery "to find out if it has a claim").