23-638-cv
Errato v. Seder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-four.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

**Robert M. Errato,**

> *Plaintiff-Appellant,*

> v.                                                            **23-638**

**Lauren T. Seder, Attorney, Campbell D. Barrett, Attorney, Jon T. Kukucka, Attorney, Johanna S. Katz, Gerard I. Adelman, in his individual capacity, Michael A. Albis, in his individual capacity, Barbara M. Quinn, in her**

**individual capacity, Leo Vincent Diana, in his individual capacity, Edward McCreery, III, State of Connecticut,**

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:          ROBERT M. ERRATO, pro se, Hamden, CT.

FOR DEFENDANTS-APPELLEES          DAVID PAUL FRIEDMAN (Lorey
BARRETT, KUKUCKA, KATZ, &          Rives Leddy, on the brief),
McCREERY, III:                     Murtha Cullina LLP, Stamford, CT.

FOR DEFENDANT-APPELLEE            Lauren T. Seder, pro se, Ojai,
SEDER:                            CA.

FOR STATE DEFENDANTS-             MICHAEL RONDON (Emily
APPELLEES:                        Adams Gait, on the brief),
                                  Assistant Attorneys General, *for*
                                  William Tong, Attorney
                                  General of Connecticut,
                                  Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Nagala, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

2

A state court dissolution-of-marriage action between Plaintiff Robert Errato and Defendant Lauren Seder ended in an award of attorney's fees and alimony in favor of Seder. After exhausting his state court appeals, unsuccessfully seeking to modify the alimony order, and failing to obtain mandamus relief, *see Seder v. Errato*, 272 A.3d 252 (Conn. App. Ct. 2022), *cert. denied*, 274 A.3d 868 (Conn. 2022); *Seder v. Errato*, No. HHD-FA15-5039554-S, 2022 Conn. Super. LEXIS 663 (Conn. Super. Ct. May 9, 2022); *Seder v. Errato*, No. HHD-FA15-5039554-S, Dkt. No. 673.10 (Conn. Super. Ct.), Errato brought this § 1983 lawsuit in federal district court. Errato's amended complaint accused various Defendants—Seder, several attorneys, and Connecticut state judges as well as the State of Connecticut itself— of violating his constitutional rights in connection with the state court action. He sought both money damages and injunctive relief. Specifically, he asked the district court to "set aside" the state court rulings and issue an order directing the state court to "void" its rulings and "exercise its functions to prevent a failure of justice." Supplemental App'x at 356.

The three sets of Defendants (Seder, the attorney defendants, and the state defendants) separately moved to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). They raised

3

a variety of defenses—among them, immunity, abstention doctrines, the statute of limitations, and the *Rooker-Feldman* doctrine.

The district court granted the motions to dismiss, largely on the grounds of judicial and Eleventh Amendment immunity, *Rooker-Feldman*, and lack of state action. *See generally Errato v. Seder*, No. 22-cv-793, 2023 WL 2743284 (D. Conn. Mar. 31, 2023). The court acknowledged that the Defendants had not argued lack of state action—the issue had been mentioned only in passing in the brief of the attorney Defendants—but reasoned that the defect was stark and "any additional briefing on this issue would be futile." *Id.* at *5–6.

This timely appeal followed. We assume the parties' familiarity with the issues, as well as the remaining facts and procedural history, which we recount here only as necessary to explain our decision to affirm.

"We review *de novo* a district court's grant of a motion to dismiss under Rules 12(b)(1) and 12(b)(6), accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022). To state a claim and survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a plausible claim for relief, but "conclusory allegations" or "legal conclusions couched as

4

factual allegations" need not be accepted as true. *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102 (2d Cir. 2022). Finally, we construe a complaint filed *pro se* "liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (cleaned up).

Having reviewed the district court's decision, we agree that dismissal was warranted substantially for the reasons articulated by the district court in its thorough and well-reasoned order. Because Errato identified harms arising from a state court judgment and directly asked the district court to review the judgment and set it aside, the district court correctly concluded that *Rooker-Feldman* barred his claims. *See Hunter v. McMahon*, 75 F.4th 62, 67-68 (2d Cir. 2023). *Rooker-Feldman* applies if four conditions are met:

> (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced.

*Id.* at 68 (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)). Each of those conditions is satisfied here and Errato's argument that

5

he does not seek to overturn his state court judgment is belied by his complaint.[1]

Even if *Rooker-Feldman* did not bar Errato's claims, they would fail for additional reasons. The judicial Defendants acting in their judicial capacity are protected from suit for damages by absolute judicial immunity, *see Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020), and from suit for injunctive relief by statute, *see* 42 U.S.C. § 1983 (allowing injunctive relief against judicial officers only when "a declaratory decree was violated or declaratory relief was unavailable"); *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). The State of Connecticut is protected by Eleventh Amendment immunity. *See Vengalattore v. Cornell Univ.*, 36 F.4th 87, 112 (2d Cir. 2022). Errato's arguments to the contrary are unavailing.

We also agree with the district court that the complaint failed to plead that Seder and the attorney Defendants were state actors for purposes of 42 U.S.C. § 1983. Under § 1983, constitutional torts are actionable against only state actors or private parties acting under the color of state law. *Betts v. Shearman*, 751 F.3d

---

[1] To the extent that any ongoing *post*-judgment proceedings in state court affect the applicability of *Rooker-Feldman* here, *see Hunter*, 75 F.4th at 65 (clarifying that the doctrine applies when a federal suit is filed after state proceedings have ended), the district court correctly concluded that, alternatively, abstention was warranted under *Younger v. Harris*, 401 U.S. 37 (1971) and *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013). *See Cavanaugh v. Geballe*, 28 F.4th 428, 434 (2d Cir. 2022) ("[F]ederal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their judgments.").

78, 84 (2d Cir. 2014). To state a claim against a private party under § 1983, the complaint must plausibly allege that the private party acted in concert with a state actor to commit an unconstitutional act. *Id.* While Errato argues that he has made this showing, his factual allegations were the kind of "legal conclusions masquerading as factual conclusions," *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (citation omitted), that "fail[] the plausibility test," *Trump v. Vance*, 977 F.3d 198, 214 (2d Cir. 2020).

Moreover, in this context, the district court did not err by raising the issue on its own, without affording Errato an opportunity to be heard on it. State action is an essential element of a § 1983 claim that a plaintiff "must allege." *Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023). Errato failed to do so, and nothing in his submissions or his oral argument before this Court suggests meritorious arguments that he was prevented from raising in district court. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that "district courts may dismiss a frivolous complaint *sua sponte*"). In any case, reversal on this basis would not be warranted here, where the parties have been able to fully brief this purely legal issue on appeal. *See McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001).

7

Finally, Errato has forfeited any argument that the district court erred in dismissing his complaint without leave to amend by not raising the issue in his opening brief. *See, e.g.*, *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").

We have considered Errato's remaining arguments, which we conclude are without merit.[2] For the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] To the extent Errato has attempted to bring any state-law claim for fraud against Seder and the attorney Defendants separate from his § 1983 claim, we agree with the district court that the claim would be barred by the litigation privilege under Connecticut law. *See Simms v. Seaman*, 69 A.3d 880, 906 (Conn. 2013) ("[A]ttorneys are protected by the litigation privilege against claims of fraud for their conduct during judicial proceedings."); *Tyler v. Tatoian*, 137 A.3d 801, 807 (Conn. App. Ct. 2016) (concluding that the litigation privilege "extends to bar claims of fraud against a party opponent"), *cert. denied*, 135 A.3d 710 (Conn. 2016).