23-6454
*Robbs v. McCrystal*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-four.

PRESENT:

> DENNY CHIN,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

ROBERT F. ROBBS,

> *Plaintiff-Appellant,*

> v.                                                         No. 23-6454

KEVIN MCCRYSTAL, GINA BURNS, CARY FRESTON,

> *Defendants-Appellees.*\*

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant:**                                    Robert F. Robbs, *pro se*, Hartford, CT.

**For Defendants-Appellees:**                          Edward Rowley, Assistant Attorney General, *for* William Tong, Attorney General for the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*; Maria E. Garcia, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 3, 2023 judgment of the district court is **AFFIRMED**.

Robert F. Robbs, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Defendants Kevin McCrystal, Gina Burns, and Dr. Cary Freston – employees of the State of Connecticut Department of Correction ("DOC") – on Robbs's claims that they were deliberately indifferent to his safety and medical needs while he was incarcerated in violation of the Eighth Amendment. Robbs also challenges the district court's prior dismissal of his related claims and its denial of his motions for the appointment of counsel. We assume the parties' familiarity with the facts, procedural history, and the issues on appeal, to which we refer only as necessary to resolve this appeal.

In 2020, Robbs filed a complaint against several DOC employees alleging various civil rights violations in connection with falls he suffered, one in 2016 and one in 2017, while incarcerated at the MacDougall-Walker Correctional Institution. Reviewing the complaint pursuant to 28 U.S.C. § 1915A(b), the district court dismissed most of Robbs's claims – including those arising from his 2016 fall – but allowed the case to proceed on his Eighth Amendment claims against Burns, McCrystal, and Freston. Defendants moved for summary judgment on these remaining claims. The parties thereafter consented to proceed before a magistrate judge, who granted summary judgment for Defendants.

On appeal, Defendants assert that Robbs has forfeited any challenge to the district court's judgment by failing to identify any claims of error by the district court in his brief on appeal. We agree.

Although we "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which requires appellants "to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir.

2

1998).    Thus, "even a litigant representing himself is obliged to set out identifiable arguments in his principal brief."    *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) (internal quotation marks omitted).    Accordingly, a *pro se* litigant will be deemed to have "abandon[ed] an issue by failing to address it in the appellate brief."    *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).

As Defendants note, Robbs's brief does not raise any specific challenges to the district court's decisions.    Instead, his four-page submission refers in passing to his asserted injuries, his purported right to counsel, and the limitations of being a *pro se* litigant.    *See* Robbs Br. at 1–4.    "[W]e need not manufacture claims of error for an appellant proceeding *pro se*."    *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995); *see Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (explaining that a *pro se* litigant forfeited challenge to district court's ruling that was mentioned "obliquely and in passing").    Nor must we consider the additional arguments and factual recitations asserted for the first time in Robbs's reply brief, which in any case, likewise fails to identify any claims of error for appellate review.    *See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."); *Joseph v. Leavitt*,

3

465 F.3d 87, 93–94 (2d Cir. 2006) (declining to address *pro se* litigant's arguments not raised in his opening brief). We therefore conclude that Robbs has forfeited any challenge to the district court's judgment on appeal.

We have considered Robbs's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4